# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LANGSTON MEADOR, | CASE NO. 1:07-cv-00952-LJO-DLB PC |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM, AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| JOHN DOE, et al., | |
| Defendants. | (Doc. 1) |

I.  Screening Order

    A.    Screening Requirement

Plaintiff William Langston Meador ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 2, 2007. Although plaintiff states that he has only filed four other suits prior to filing this action, the court is aware of at least ten (10) other actions brought by plaintiff since 2000.[1] Plaintiff also failed to sign and date his complaint. Plaintiff is warned that he is required to sign and date his complaint under **penalty of perjury**.

---

[1] Langston v. California Correctional Institution, 1:2007-cv-00365-AWI-SMS (action pending); Meador v. Sullivan, 5:07-cv-00732-JFW-JWJ (action dismissed on 07/16/2007; notice of appeal filed); William Langston Meador v. Palmer, 5:00-cv-00844-RT-BQR (action dismissed on 07/03/2001); William Langston Meador v. John P Wade, 5:06-cv-00911-UA-JWJ (action dismissed on 9/22/2006 for failure to pay filing fee); William Langston Meador v. Pleasant Valley State Prison, et al.,; 1:06-cv-00926-LJO-LJO (action dismissed on 3/27/2007 for failure to exhaust); William Langston Meador v. Pleasant Valley State Prison, et al., 1:05-cv-00939-OWW-DLB, (action dismissed on 7/12/2007 for failure to state a claim; notice of appeal filed); William Langston Meador v. John P Wade, 5:06-cv-01178-UA-JWJ (action dismissed 04/04/2007); William Langston Meador v. John P Wade et al., 5:06-cv-01356-UA-DUTY (action dismissed 1/12/2007); Meador v. Corcoran State Prison, 1:06-cv-01572-AWI-DLB (PC) (action pending); Willaim Meador v. John P. Wade, 5:06-cv-00695-UA-JWJ (action dismissed 08/03/2006).

1

1   The court will not normally accept unsigned and undated complaints.  Since plaintiff's
2 complaint has been filed however, the court will proceed to screen the complaint.
3   The court is required to screen complaints brought by prisoners seeking relief against a
4 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
5 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
8 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
9 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
10 claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

11   A court may dismiss a complaint only if it is clear that no relief could be granted under any
12 set of facts that could be proved consistent with the allegations.  Swierkiewicz v. Sorema N. A., 534
13 U.S. 506, 514 (2002).  "'The issue is not whether a plaintiff will ultimately prevail but whether the
14 claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the
15 pleadings that a recovery is very remote and unlikely but that is not the test.'"  Jackson v. Carey, 353
16 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also
17 Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the
18 opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.
19 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."
20 Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights
21 complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l
22 Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d
23 266, 268 (9th Cir. 1982)).

24   B.   Plaintiff's Claim

25   Plaintiff is an inmate housed at California Correctional Institution - Tehachapi ("CCI-
26 Tehachapi").  Plaintiff names John Does as defendants.  Plaintiff is seeking money damages for the
27 violation of his rights under the Eighth Amendment of the United States Constitution.  Plaintiff
28 alleges that CCI-Tehachapi has been on continuing lock downs, and that these living conditions have

caused him to suffer mental anguish and physical pain, in violation of the Eighth Amendment.

    I)   <u>Linkage Requirement</u>

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." <u>Id</u>.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" <u>Hydrick v. Hunter</u>, 500 F.3d 978, 988 (9th Cir. 2007) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" <u>Id</u>. (quoting <u>Johnson</u> at 743-44).

Plaintiff's complaint fails to link the conduct complained of to any particular defendant. Plaintiff's complaint states only that the unidentified John Doe defendants are the "administrative authority" at CCI-Tehachapi. Plaintiff's claim fails to state a cognizable claim for relief under section 1983. Plaintiff will be granted leave to file an amended complaint within thirty days. In amending his complaint, plaintiff should utilize the following legal standards as guidance.

///

        ii)        Conditions of Confinement

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis

of an Eighth Amendment violation." Id. (quotations and citations omitted).

iii) Supervisory Liability

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

C. Conclusion

For the reasons set forth above, plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days. Plaintiff is warned that his amended complaint must be **signed and dated under penalty of perjury,** or it will be returned to him.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;

2. The Clerk's Office shall send plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   March 27, 2008**                        /s/ **Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE